UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

SALVAJE MIAMI, LLC.,

Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, WINDY LUCIUS, ("Plaintiff"), hereby sues the Defendant, SALVAJE MIAMI, LLC ("Defendant"), a Florida limited liability company, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1.       Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.       Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

1.       Plaintiff is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA

set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).   Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2)

2.      Plaintiff also utilizes the internet. Plaintiff is unable to read computer materials and/or access and comprehend internet website information without software specially designed for the visually impaired. Specifically, Plaintiff utilizes the JAWS Screen Reader software, which is one of the most popular reader Screen Reader Software ("SRS") utilized worldwide.

3.      Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their websites are in compliance with the ADA.

4.      Defendant owns and operates a place of public accommodation which is an upscale specialty restaurant branded as "Salvaje Miami." The Salvaje Miami restaurant is located within Miami-Dade County at 101 NE 34th Street, Miami Florida, 33127 and is open to the public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). The Salvaje Miami restaurant is also referenced throughout as "place(s) of public accommodation," "Salvaje restaurant," or "restaurant."

5.      Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

6.      Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the https://miami.salvaje.world/ website (hereinafter "website"). Defendant is the owner, operator, lessor and/or lessee of the website. This website supports, is an extension of, is

in conjunction with, is complementary and supplemental to, Defendant's Salvaje restaurant. The website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at the restaurant's physical location. On information and belief, Defendant also continually and/or periodically updates and maintains the website.

7.      This website provides information about Defendant's public accommodation and is offered by Defendant as a way for the public to become familiar with the Salvaje menu selections for brunch, lunch and dinner as well as information on hours of operation, restaurant location, and provides a link to reserve a table for dining within the restaurant and provides other information the Defendant seeks to communicate to the public.  By the provision of reservation services, the website is an integral part of the goods and services offered by Defendant. By this nexus, the website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(B) of the ADA[1].

8.      Defendant and alike restaurants are fully aware of need to provide full access to all visitors to its Website.[2]

9.      Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

10.      Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

[2] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g. (https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/), (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )

alleged herein and this action is her only means to secure adequate redress from Defendant's discriminatory practice.

11.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

12.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

13.     The ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

14.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems."  28 C.F.R. Section 36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

15.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

16.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate

subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

17.     Defendant's Website has been designed to integrate with its Salvaje Miami brick-and-mortar restaurant through provision of a reservation service, therefore, the website is an extension of Defendant's place of public accommodation. By and through this website, Defendant extends its public accommodation into individual persons' homes, portable devices and personal computers wherever located. The website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation. As such, the website has integrated with and is a nexus to its brick-and-mortar location. Therefore, it is governed by the following provisions:

a.     42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b.     42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

c.     42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the

opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

        d.      42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

        e.      42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

        f.      42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

        g.      42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

        h.      42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to

take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

18.    As the owner and/or operator of the Salvaje restaurant website, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein, including the ability to make a reservation to dine within the Salvaje restaurant.

19.    Plaintiff attempted to access and/or utilize Defendant's website, but was unable to, and she continues to be unable to enjoy full and equal access to the website and/or understand the content therein because numerous portions of the website do not interface with and are not readable by SRS. More specifically, features of the website that are inaccessible to the visually impaired include, but are not limited to, the following (citing the WCAG 2.1 Guidelines):

i.    Guideline 1.1.1 "Non-Text Content" is violated because the website does not provide text alternatives for non-text content. Images at the bottom of the homepage receive focus and are announced, but accessible labels aren't present.

ii.   Guideline 1.3.1 "Info and Relationships" is violated on the menu page. The operating hours are shown next to the Brunch menu, but they aren't automatically announced when a user tabs to this button.

iii.  Guideline 2.1.1 "Keyboard" is violated because the website must also be accessible by keyboard. SRUs cannot select a date on the Make Reservation page. When focus moves to the date picker, users hear the current date followed by "table." At this point, all four of the arrow keys do not work, and if a user presses the tab key, the focus skips to the time button.

iv.   Guideline 2.4.1 "Bypass blocks" is violated as Skip Navigation functionality isn't available.

v.    Guideline 2.4.4 "Link purpose" (in context) is violated as the focus moves to hidden links when a user is on the menu page.

vi.    Guideline 3.3.2 "Labels or Instructions" is violated. The menu button shown on the homepage, is announced as "menu 5" which makes it appear that other menu buttons are present even though only one is shown on the homepage. In addition, the social media buttons aren't labeled and are only announced as "link."

vii.    Guideline 4.1.2 "Name, Roll, Value" is violated as the menus are only available in PDF, and the PDFs are not properly created for the sight impaired.

20.    Plaintiff continues to attempt to utilize the website and/or plans to continue to attempt to utilize the website in the near future. In the alternative, Plaintiff intends to monitor the website in the near future, as a tester, to ascertain whether it has been updated to interact properly with screen reader software.

21.    As more specifically set forth above, Defendant has violated the above cited provisions of the ADA by failing to interface its website with software utilized by visually impaired individuals. Thus, Defendant has violated the following provisions either directly or through contractual, licensing or other arrangements with respect to Plaintiff on the basis of her disability:

a.    by depriving her of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

b.    in the denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

c.    in affording her the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

d.    by providing her a good, service, facility, privilege, advantage, or

accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others (42 U.S.C. § 12182(b)(1)(A)(iii));

e.      by failing to afford her goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the individual (42 U.S.C. § 12182(b)(1)(B));

f.      notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying them the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

g.      by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(2)(ii)); and,

h.      by a failure to take such steps as may be necessary to ensure that they are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden (42 U.S.C. § 12182(b)(2)(iii)).

22.      Plaintiff continues to attempt to test the website for accessibility and/or plans to continue to attempt to utilize the website to review the menu and to make online reservations for dining within the restaurant or to order food for pickup.

23.      Plaintiff is continuously aware of the violations at Defendant's website and is aware that it would be a futile gesture to attempt to utilize the website as long as those violations exist unless she is willing to suffer additional discrimination.

24.      Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to attempt to utilize the website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

25.      Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and conform its website to WCAG 2.1.

26.      Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to access the website to avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that this website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the

website without fear of discrimination.

27.     The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

28.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its website to make it readily accessible to and usable by Plaintiff and other persons with vision impairment.

**WHEREFORE,** Plaintiff WINDY LUCIUS hereby demands judgment against Defendant SALVAJE MIAMI, LLC and requests the following injunctive and declaratory relief:

a.     The Court issue a **Declaratory Judgment** that determines that the Defendant's website at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b.     The Court issue a Declaratory Judgment that determines that the Defendant's website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

c.     The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its website to ensure that it is readily accessible to and usable by persons with vision impairment;

d.     The Court issue an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required

by Title III of the ADA;

e.    The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of comprehending the Salvaje menu selections and making reservations and during that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public through Defendant's Website.

f.    The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

g.    The Court enter an Order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by visually impaired individuals;

h.    The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

i.    The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 11, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
cc@cunninghampllc.com